**No. 50819.**—Protests 54283–K, etc., of Ossola Bros., Inc., et al. (New York).

Opinion by KEEFE, J. In accordance with stipulation of counsel and the cited decision the following allowances were made to compensate for the weight of the inedible substance on the outside of the cheese: (1) 2½ percent for the cheese similar in all material respects to the Romano, Pecorino Romano Sardo, Provolone, or Sbrinz cheese, which was the subject of *Scaramelli* v. *United States* (9 Cust. Ct. 270, C. D. 706); and (2) 1 percent for the cheese similar to the Reggiano cheese the subject of *Scaramelli* v. *United States*, *supra*. The protests were sustained to this extent.

**No. 50820.**—Protests 51647–K, etc., of Ednal Co., Inc., et al. (New York).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83, decided February 5, 1945.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries. The protests were sustained to this extent.

BEFORE THE FIRST DIVISION, JANUARY 18, 1946

**No. 50821.**—Protest 97505–K of Chinese Products Co. (San Francisco).

Opinion by COLE, J. The uncontradicted testimony established that certain items of the merchandise consist of ve-tsin the same in all material respects as that passed upon in *Quong Yuen Shing Co.* v. *United States* (31 C. C. P. A. 43, C. A. D. 247). On the conceded facts the merchandise, which includes salt as a substantial component part thereof, was excluded from paragraph 5 and held dutiable at 20 percent under paragraph 1558 as claimed.